NEA–HOPKINTON

v.

**SCHOOL COMMITTEE OF the TOWN OF HOPKINTON.**

**No. 80–405–Appeal.**

Supreme Court of Rhode Island.

Dec. 7, 1982.

Natale L. Urso, Thomas J. Liguori, Jr., Westerly, for plaintiff.

David F. Sweeney, John G. Earle, Warwick, for defendant.

---

## OPINION

**PER CURIAM.**

This is an appeal by the National Education Association of Hopkinton from an order of the Superior Court denying the association's motion to vacate an arbitrator's award. The association's demand for arbitration came after the school committee had refused to allow a teacher to take Good Friday as a "personal day." In denying the grievance, the committee expressed its belief that the collective-bargaining agreement did not call for the arbitration of grievances.

A hearing was scheduled before the arbitrator for November 29, 1979. Neither the school committee nor its counsel attended the hearing. After a wait of approximately thirty-five minutes, the arbitrator called the committee's counsel, who informed the arbitrator that the committee would not be present because of its belief that the collective-bargaining agreement did not provide for arbitration as a method of resolving grievance disputes. Later, on December 11, 1979, the school committee sought a stay of arbitration in the Superior Court, and its request was denied. Subsequently, on December 15, 1979, the arbitrator issued a decision and an award. He did not deal with the merits of the grievance but rather ruled that the agreement did not provide for the arbitration of grievances. The trial justice's denial was based on his belief that he was precluded from disturbing the arbitrator's determination as to substantive arbitrability because of his belief that the exclusive route for raising the issue of arbitrability was by the filing of an "original complaint in the Superior Court to determine the question."

On October 26, 1982, the school committee, through its counsel, appeared before a panel of this court in response to an order to show cause why the union's appeal should not be summarily sustained in light of our holding in *Providence Teachers' Union Local 958—American Federation of Teachers v. Providence School Committee,* R.I., 433 A.2d 202, 205 (1981). After noting that a challenge to arbitrability can be made in one of two ways—by refusing to submit to arbitration and instituting a civil action in the Superior Court, or by submitting to arbitration provided that the challenger first states its objection to the arbitrability of the grievance at the arbitration hearing—this court emphasized:

"[T]he issue of whether a dispute is arbitrable concerns a question of law and is subject to a broader standard of review than is an arbitrator's decision on the merits. Courts should not equate the issue of arbitrability with the deference due the arbitrator's interpretation of the contract. Rather, a reviewing court must decide the question of arbitrability de novo." [Citations omitted.] *Id.*

Here, the school committee chose neither one of the two designated routes for challenging arbitrability. Instead, it stayed at home, and the arbitrator opted for the committee's telephonic position. His decision is now subject to a de novo review by a Superior Court justice.

Since no cause was shown, the association's appeal is sustained, the order appealed from is vacated, and the case is remanded to the Superior Court for an arbitrability determination.

MURRAY and SHEA, JJ., did not participate.